UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JOHN ALLSBROOK | CIVIL ACTION NO. 18-cv-0330 |
| VERSUS | JUDGE FOOTE |
| BRIAN C. OSBOURN | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

John Allsbrook ("Plaintiff"), who is self-represented, filed this civil action against Brian C. Osbourn. The complaint does not assert a federal claim, and the amount in controversy is not sufficient for diversity jurisdiction. For the reasons that follow, it is recommended that the complaint be dismissed for lack of subject-matter jurisdiction.

**Relevant Facts**

Plaintiff's complaint was filed on the Pro Se 1 form provided by the courts for filing a complaint in a civil case. The form explained that federal courts are of limited jurisdiction and asked Plaintiff to check a box to indicate whether he invoked federal question or diversity of citizenship as a basis for subject-matter jurisdiction. Plaintiff did not check either box.

Another portion of the complaint asked that, if the basis for jurisdiction is diversity of citizenship, the plaintiff provide certain information. Plaintiff wrote that he was a citizen of Louisiana and that the only defendant is a citizen of Florida. The form asked for the amount in controversy, and Plaintiff wrote: $30,000. Plaintiff was asked to write a short

and plain statement of his claim to provide facts that show why he is entitled to damages or other relief. He wrote only: "Misuse of fund - stole my back pay 2006-2007." No other facts were provided.

**Analysis**

Plaintiff is proceeding in forma pauperis, and this court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous. The court also has a duty to examine the basis for subject matter jurisdiction. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915. Humphries v. Various Federal U.S. INS Employees, 164 F.3d 936, 941 (5th Cir. 1999).[1]

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 114 S. Ct. 1673, 1675 (1994). "They possess only that power authorized by Constitution and statute." Id. There is a presumption that a suit lies outside that limited jurisdiction. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing grounds for jurisdiction rests on the party who seeks the federal forum. Settlement Funding, LLC v. Rapid Settlements, Limited, 851 F.3d 530, 537 (5th Cir. 2017).

---

[1] Even if a plaintiff is not proceeding IFP, "a district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair." Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). The procedure employed here is fair, because this Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of defense in Report and Recommendation satisfied due process).

One basis for original jurisdiction is diversity jurisdiction under 28 USC § 1322. For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity of citizenship. There is complete diversity of citizenship between Plaintiff and Mr. Osbourn, but Plaintiff alleges that the amount in controversy is only $30,000, so there is no factual basis for the exercise of diversity jurisdiction under Section 1332.

The other basis for jurisdiction typically invoked in civil cases is federal question jurisdiction under 28 U.S.C. § 1331. The existence of jurisdiction under the statute is tested by the well-pleaded complaint rule. It provides that a federal court does not have federal question jurisdiction unless a federal question appears on the face of the plaintiff's well-pleaded complaint. Elam v. Kan. City S. Ry. Co., 635 F.3d 796, 803 (5th Cir. 2011). Plaintiff's complaint has not invoked any federal laws or asserted claims that would appear to state a colorable claim under any federal statutes. Plaintiff did not so much as check the box to indicate that he asserted a federal law claim. Accordingly, there is no basis for the exercise of federal question jurisdiction.

**Conclusion**

Plaintiff's complaint does not satisfy his obligation of presenting facts that permit this court to exercise subject-matter jurisdiction over his claim. The proper remedy is dismissal without prejudice, which will allow Plaintiff to litigate the claim in a court that does have jurisdiction. That said, it is likely that the claim is untimely. Plaintiff alleges that funds were taken from him in 2006-07. A claim under Louisiana law for conversion

or other tort must be brought within one year, and even a breach of contract claim must be brought within 10 years. It appears that the time has passed for asserting the claim at issue.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed without prejudice** for lack of subject-matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2).

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of March, 2018.



Mark L. Hornsby
U.S. Magistrate Judge